IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TREVA SUDELL JONES, on behalf of herself and all others similarly situated, | ) ) No. ) |
| *Plaintiffs*, | ) Class Action ) |
| v. | ) Jury Trial Demanded ) |
| TRANSUNION LLC, | ) ) |
| *Defendant*. | ) ) ) |

## **COMPLAINT – CLASS ACTION**

Plaintiff Treva Sudell Jones, on behalf of herself and all others similarly situated, files this Class Action Complaint against TransUnion LLC ("Trans Union" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Trans Union's actions and upon information and belief as to all other matters, as follows:

## **NATURE OF THE CASE**

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA") against Trans Union, a national consumer reporting agency. In violation of the FCRA, Trans Union prepares and delivers consumer reports that include civil judgment information that: (a) the FCRA prohibits Trans Union from reporting and (b) have been paid in full, satisfied, or released, but are not reported by Trans Union as paid, satisfied, or released.

## **PARTIES**

2. Plaintiff Treva Sudell Jones is an adult individual residing in Jackson, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant Trans Union is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Trans Union is authorized to do business in the State of Tennessee, has substantial contacts in this District, and is headquartered at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

**JURISDICTION & VENUE**

4. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

6. Trans Union is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

7. Trans Union sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in Tennessee.

8. Trans Union is regulated by the FCRA.

9. Upon information and belief, for several years Trans Union has obtained its information about Tennessee and federal bankruptcies, civil judgments, and tax liens (*i.e.*, "public records" information) from private businesses that it calls "vendors."

10. Trans Union has not retrieved actual public records from courthouses or government offices for many years.

11. Nevertheless, on credit reports that it provides to consumers, Trans Union falsely lists the names of courthouses or other government offices as the true "source" of the public records information appearing in the report.

12. Moreover, Trans Union does not purchase the actual court or taxing authority records from its public records information vendors. Rather, it purchases a condensed, summary version of those records, which does not include all the information or most up-to-date information available at the actual courthouses or government offices where the actual records are housed.

13. Trans Union knows that its public records vendors make mistakes in the condensed, summary public records information that it purchases for the purposes of credit reporting.

14. Trans Union knows that the condensed, summary public records information it purchases for credit reporting purposes routinely does not include the most up-to-date status of the actual records themselves.

15. Trans Union thus routinely fails to report accurate information about Tennessee civil judgments, including the most up-to-date status of those judgments.

16. Trans Union's practices and procedures regarding the reporting of civil judgment information, specifically its failure to report the most up-to-date status of paid or satisfied civil judgments, causes widespread harm to Tennessee consumers.

17. Trans Union also routinely fails to remove Tennessee judgments from consumers' reports when those judgments have become nullities.

18. In 2016 and 2017, Trans Union delivered reports about Ms. Jones to multiple end users, each of which used Trans Union's report to evaluate Ms. Jones' creditworthiness. After the judgment was satisfied, Trans Union continued to report the judgment to several existing and potential creditors resulting in a negative impact on Plaintiff's credit standing regarding these transactions.

19. With respect to Ms. Jones, on or about May 12, 2014, a judgment was entered against Ms. Jones in favor of Portfolio Recovery Associates, LLC (hereafter "Portfolio") in the

Court of General Sessions for Madison, Tennessee, civil case number 14cv-807. The judgment was in the original amount of $1,929.65.

20.   On or about April 30, 2016, Ms. Jones paid directly to Portfolio the full amount of the judgment.

21.   On or about October 27, 2016, Portfolio filed a notice of judgment satisfaction in the Court of General Sessions for Madison, Tennessee in civil case number 14cv-807.

22.   On or about May 31, 2017, Ms. Jones reviewed her personal credit report from Trans Union. The Trans Union credit report contained inaccurate information, including but not limited to, reporting that Ms. Jones allegedly had an outstanding civil judgment against her in the amount of $1,929.

23.   The civil judgment information that Trans Union included on Ms. Jones' report was inaccurate because Ms. Jones had satisfied the judgment more than a year earlier and Portfolio had filed a notice in the public record nearly seven months earlier.

24.   Despite public availability of the notice of judgment satisfaction, and pursuant to its usual and systematic practice, Trans Union did not update its records regarding Ms. Jones to show that the civil judgment had been paid and satisfied.

25.   The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

26.   At all times pertinent hereto, Trans Union's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in § 1681e(b) of the FCRA. Upon information and belief, Trans Union's collecting and reporting the initial entry of

civil judgment is believed to be of greater economic value than collecting and reporting information indicating that a civil judgment had been paid or satisfied.

27. The reporting of Ms. Jones' civil judgment by Trans Union was inaccurate and occurred because Trans Union failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Jones' consumer report. Specifically, Trans Union does not follow the same automated and systematically rigorous processes to obtain all satisfactions and releases of civil judgments that it follows to obtain the original civil judgment information.

28. Indeed, Trans Union follows no procedure which assures that, every time a civil judgment in Tennessee is paid or satisfied, the updated status is promptly obtained and reflected upon the consumer's credit report, or that the judgment is removed from that consumer's credit file as may be appropriate.

29. Instead, Trans Union continues to report the civil judgment balance that it originally purchased from its vendors.

30. In Plaintiff's case, Trans Union did not request, receive, or report any updated information as to the status of Ms. Jones' civil judgment in 2017, despite the fact that she had paid it in full and the public record reported it satisfied as of October 27, 2016.

31. At all times pertinent hereto, Trans Union was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union herein.

## CLASS ACTION ALLEGATIONS

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

33.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All natural persons who: (i) had a civil judgment recorded in the State of Tennessee, (ii) the civil judgment appeared on a consumer report prepared by Trans Union and delivered to a third party within the five years prior to the filing of this Complaint, and (iii) the State of Tennessee public record indicated that the civil judgment had been paid or satisfied on a date prior to the date of the Trans Union consumer report.

34.     Plaintiff reserves the right to amend the definition of the class based on discovery or legal developments.

35.     **Numerosity.  FED. R. CIV. P. 23(A)(1).**  The class members are so numerous that joinder of all is impractical.  Upon information and belief, Trans Union sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Trans Union.

36.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(A)(2).**  Common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members.  The common legal and factual questions include, among others, whether Trans Union willfully violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the Tennessee civil judgment information it reported.

37.     **Typicality.  FED. R. CIV. P. 23(A)(4).**  Plaintiff's claims are typical of the claims of each class member.  Plaintiff has the same claims for statutory and punitive damages as class members, arising out of Trans Union's common course of conduct.

38.     **Adequacy.  FED. R. CIV. P. 23(A)(3).**  Plaintiff is an adequate representative of the class.  Her interests are aligned with, and are not antagonistic to, the interests of the members of the class she seeks to represent.  She has retained counsel competent and experienced in such

6

litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the class.

39. **Predominance and Superiority. FED. R. CIV. P. 23(B)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each class member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Trans Union's conduct. It would be virtually impossible for all of the individual members of the class to effectively seek redress of the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Trans Union's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION

### COUNT I

40. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

41. The above-mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

42.     Trans Union failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil judgment information in the consumer reports it prepared regarding Plaintiff and the class members.

43.     Pursuant to 15 U.S.C. §§ 1681n and o, Trans Union is liable to Plaintiff and all class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class pray for the following relief:

a.  An order certifying the case as a class action on behalf of the proposed class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b.  An award of actual, statutory, and punitive damages for Plaintiff and the class;

c.  An award of pre-judgment and post-judgment interest as provided by law;

d.  An award of attorney's fees and costs; and

e.  Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

THE ADKINS FIRM, P.C.

*s/ Micah S. Adkins*
Micah S. Adkins #8639I48AL

8

**THE ADKINS FIRM, P.C.**
2 Perimeter Park South, Suite 405 E
Birmingham, Alabama 35243
T: 205.206.6718
F: 205.208.9632
E: MicahAdkins@ItsYourCreditReport.com

James A. Francis*
John Soumilas*
**FRANCIS & MAILMAN, P.C.**
Land Title Building
100 South Broad Street, 19th Floor
Philadelphia, Pennsylvania 19110
T: 215.735.8600
F: 215.940.8000
E: jfrancis@consumerlawfirm.com
E: jsoumilas@consumerlawfirm.com
*motions for *pro hac vice* forthcoming
*Attorneys for Plaintiffs*